UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MAGNOLIA VASQUEZ-MORALES,<br><br>    Plaintiff,<br><br>  vs.<br><br>WARDEN ESTELA DERR,<br><br>    Defendant. | CIV. NO. 23-00179 LEK-RT |

**ORDER DISMISSING, WITHOUT PREJUDICE, "PETITION FOR WRIT OF HABEAS CORPUS 18 U.S.C. SECTION 2241 SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS ('BOP') TO APPLY MY FIRST STEP ACT ('FSA') EARNED TIME CREDITS ('ETC') AS I WOULD HAVE IMMEDIATE RELEASE"**

Before the Court is pro se Petitioner Magnolia Vasquez-Morales's ("Petitioner" or "Vasquez-Morales") "Petition for Writ of Habeas Corpus 18 U.S.C. Section 2241 Seeking an Order Directing the Bureau of Prisons ('BOP') to Apply My First Step Act ('FSA') Earned Time Credits ('ETC') As I Would Have Immediate Release" ("Petition"),[1] filed on April 19, 2023.  [Dkt. no. 1.]  On May 26, 2023, Respondent Estela Derr, Warden of the Federal Detention Center in Honolulu, Hawai`i ("Respondent" or "Warden Derr" and "FDC Honolulu") filed her response to the Petition ("Response").  [Dkt. no. 5.]  The Court finds this matter suitable for

---

[1] Although Vasquez-Morales states in the title of the Petition that she is bringing the Petition under 18 U.S.C. § 2241, the Court construes that as an inadvertent mistake and, instead, considers the Petition brought under 28 U.S.C. § 2241.

disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Vasquez-Morales's Petition is hereby dismissed without prejudice for the reasons set forth below.

## BACKGROUND

On September 2, 2020, Vasquez-Morales was sentenced in the United States District Court for the Northern District of Illinois to forty-six months imprisonment for illegal reentry of an alien after removal, in violation of 8 U.S.C. § 1326(a). See United States v. Vasquez-Morales, 3:19-cr-50031 ("CR 19-50031"), Judgment in a Criminal Case, filed 9/3/20 (dkt. no. 49) ("Judgment"), at 1–2. Vasquez-Morales is currently serving her term of imprisonment at FDC Honolulu, and her projected release date is April 24, 2024. See Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited July 13, 2023).

Vasquez-Morales states she has not received any earned FSA time credits and, if she received the credits she purportedly earned, her release date would have been April 26, 2023. See Petition at PageID.1. She concedes that she has not exhausted her administrative remedies and argues exhaustion would be futile because she would be immediately released if her earned FSA time credits were applied. See id. Warden Derr

2

argues the Petition must be denied because Vasquez-Morales failed to exhaust her administrative remedies and exhaustion is not futile. See Response at 3–4. Moreover, Warden Derr provides evidence that:

> Petitioner is ineligible to apply FSA credits towards early release. This is because Petitioner does not have a term of supervised release to which she can apply credits. See 28 C.F.R. § 523.44(d). With respect to prerelease custody, Petitioner is more than seven months away from her home confinement eligibility date. . . . Petitioner is ineligible to earn FSA time credits due to her convicted offense. However, hypothetically speaking, if she was otherwise eligible to earn FSA time credits, the earliest she would release from FDC Honolulu is on her home confinement eligibility date in December 2023. Therefore, Petitioner has ample time to challenge her eligibility determination through the administrative remedy process.

[Id., Decl. of Kris Robl ("Robl Decl.") at ¶ 9.[2]]

### STANDARD

> "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[2] Kris Robl ("Robl") is a FDC Honolulu Unit Manager. [Robl Decl. at ¶ 2.]

Yanagihara v. Derr, Civil No. 22-00145 JAO-RT, 2023 WL 2163685, at *3 (D. Hawai`i Feb. 22, 2023).  "In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition."  Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) (citation and internal quotation marks omitted).

## DISCUSSION

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (citations omitted).  But, because § 2241 does not statutorily require exhaustion, federal courts "have discretion to waive the exhaustion requirement when it is prudentially required . . . ."  Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004) (citations omitted).  "[A] court may waive the prudential exhaustion requirement if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation and internal quotation marks omitted).

The Court concludes that a waiver of the exhaustion requirement is not warranted in the instant case.  Vasquez-

4

Morales is currently ineligible to earn FSA time credits, and she has a projected release date of April 26, 2024. See Robl Decl., Exh. B (Sentence Monitoring Computation Data as of 05-19-2023) at PageID.29. Although Vasquez-Morales contends she should be released immediately, she does not explain why she believes that she (1) is eligible to earn FSA time credits and (2) has earned FSA time credits that can be applied. Furthermore, because Vasquez-Morales has a projected release date of April 26, 2024 and is eligible for home detention on December 9, 2023, she has sufficient time to pursue administrative remedies. In other words, it would not be futile for Vasquez-Morales to pursue a remedy through the administrative remedies process.

If the Court waived the exhaustion requirement in the instant case, it "would encourage the deliberate bypass of the administrative scheme" by allowing petitioners to forego the administrative remedies process despite having adequate time to participate in the process. See Hernandez, 872 F.3d at 988 (quotation marks and citation omitted). Even assuming that a mistake was made regarding Vasquez-Morales's eligibility to earn FSA time credits, "administrative review is likely to allow the agency to correct its own mistake[] and to preclude the need for judicial review." See id. (quotation marks and citation omitted). Accordingly, because Vasquez-Morales failed to

5

exhaust her administrative remedies, the Petition must be dismissed.  The dismissal, however, is without prejudice.  See id. ("If a petitioner fails to exhaust prudentially required administrative remedies, then a district court ordinarily should . . . dismiss the petition without prejudice . . . until the petitioner has exhausted remedies." (citation and internal quotation marks omitted)).

## CONCLUSION

On the basis of the foregoing, Vasquez-Morales's "Petition for Writ of Habeas Corpus 18 U.S.C. Section 2241 Seeking an Order Directing the Bureau of Prisons ('BOP') to Apply My First Step Act ('FSA') Earned Time Credits ('ETC') As I Would Have Immediate Release," filed April 19, 2023, is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.  The Clerk's Office is DIRECTED to enter judgment and close the case on **July 28, 2023,** unless Vasquez-Morales files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 13, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MAGNOLIA VASQUEZ-MORALES V. WARDEN ESTELLA DERR; CV 23-000179 LEK; ORDER DISMISSING, WITHOUT PREJUDICE, "PETITION FOR WRIT OF HABEAS CORPUS 18 U.S.C. SECTION 2241 SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS ('BOP') TO APPLY MY FIRST STEP ACT ('FSA') EARNED TIME CREDITS ('ETC') AS I WOULD HAVE IMMEDIATE RELEASE"